UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN L. CLARK,<br><br>Plaintiff,<br><br>v.<br><br>ERIC YOUNG; MISTY YOUNG,<br><br>Defendants. | CASE NO. 3:23-cv-5369<br><br>ORDER |

### 1.   INTRODUCTION

The Court raises this matter on its own accord. Pro se Plaintiff Carmen L. Clark pursues this action against Defendants Eric Young and Misty Young in forma pauperis (IFP). *See* Dkt. No. 4. After reviewing the operative complaint, Dkt. No. 5, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that the complaint is frivolous and fails to allege a basis for the Court's subject matter jurisdiction. Rather than dismissing this case outright, the Court grants Clark leave to amend the complaint within 30 days of this Order.

## 2. DISCUSSION

When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A complaint is frivolous for 28 U.S.C. § 1915(e)(2) purposes if a plaintiff fails to allege subject matter jurisdiction." *Emiabata v. Bank of New York Mellon Tr. Co. NA/JP Morgan Chase (SLS)*, No. C17-1302-JLR, 2017 WL 4838840, at *1 (W.D. Wash. Oct. 3, 2017) (citing *Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing that a complaint should be dismissed as frivolous on 28 U.S.C. § 1915 review where subject matter jurisdiction is lacking)).

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on the Court by § 1915(e) are

unwavering, and when an IFP plaintiff fails to state a claim, the action must be dismissed.

Here, Clark sues Eric Young and Misty Young for alleged fraud. Dkt. No. 5 at 5. Clark alleges that "Eric Young use Carmen Clark's name to get income to take care of his son; also to purchase a truck." *Id.* On the face of the complaint, Misty Young's role in the alleged fraud is unclear. Likewise, the factual specifics are also unclear. Clark asserts that "Eric Young spend federal dollars forging Carmen Clark's Name to purchase material gain ('Truck')." *Id.* While this could give rise to criminal charges, it is unclear how these alleged actions harmed Clark and how they would give rise to civil claims she could assert against the Youngs. It is also unclear whether "federal dollars" refers to welfare benefits or mere U.S. currency.

Even setting aside the complaint's lack of factual clarity, the Court finds that Clark fails to allege subject matter jurisdiction. Federal district courts have original jurisdiction over two categories of cases: cases involving a federal question, *see* 28 U.S.C. § 1331, and cases involving diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, Clark pleads no federal question. As such, the presumptive basis for subject matter jurisdiction is diversity of citizenship.

To invoke diversity jurisdiction, a plaintiff must allege the diverse citizenship of all parties and an amount in controversy exceeding $75,000.00. *Id.*; *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). The party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961). For purposes of diversity jurisdiction, a person is a

citizen of their state of domicile at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Here, the diversity-of-citizenship requirement appears satisfied. Clark alleges that she is a citizen of Washington, while Defendants are citizens of Idaho. Dkt. No. 5 at 4. But the second requirement is not satisfied. Clark does not allege an amount in controversy, nor does she assert that the amount in controversy exceeds $75,000. *See generally id*. As such, Clark does not allege a basis for the Court's subject-matter jurisdiction. Therefore, the Court finds that the complaint is frivolous and fails to state a claim on which relief may be granted.

### 3.    CONCLUSION

The Court finds that Clark's complaint, Dkt. No. 5, is frivolous and fails to allege a basis for the Court's subject matter jurisdiction. But rather than dismissing this case outright, the Court grants Clark leave to amend the complaint and ORDERS Clark, within THIRTY (30) days of this Order, to file an amended complaint that properly alleges a basis for the Court's jurisdiction. The Court also directs Clark, through the amended complaint, to clarify the factual basis for her civil fraud claim. Failure to comply with this Order will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

Dated this 20th day of November, 2024.

Jamal N. Whitehead
United States District Judge